FILED
U.S. DISTRICT COURT
W.D.N.Y. ROCHESTER

-PSO-

2005 OC -‘   ﾟ   ﾟ   |7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DUKENS JOURDAIN, 04-A-1737,

Plaintiff,

-v-

ROBERT DENNISON,
Chair of the New York State
Division of Parole,

Defendant.

DECISION AND ORDER
05-CV-6239Fe

---

## INTRODUCTION

Plaintiff Dukens Jourdain, an inmate of the Queensboro Correctional Facility, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket No. 2). Plaintiff claims that the defendant, Robert Dennison, Chair of the New York State Division of Parole, violated his constitutional rights by denying him release to parole supervision following his eligibility hearing at Groveland Correctional Facility. For the reasons discussed below, plaintiff's request to proceed as a poor person is granted and the complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*. Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial

screening of this complaint. In evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. *See King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957); *and see Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998).

Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983. A federal civil rights action is not the proper vehicle to challenge a denial of parole, which is the nature of plaintiff's claims here. In essence, plaintiff claims that he was denied parole based on an improper application of the New York State Executive Law and its implementing regulations concerning parole. Plaintiff claims that the Board considers improper reasons or, at a minimum, considers the nature of the crime and criminal history to the exclusion of other factors, and contends that the Parole Board denied parole in his case solely based on the seriousness of his crime and criminal history.

Parole determinations clearly affect the overall length of a prisoner's term of imprisonment. It is well settled that when a litigant makes a constitutional challenge to a determination which affects the overall length of his imprisonment, the "sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Moreover, a prisoner may not circumvent the exhaustion prerequisites for habeas corpus relief by suing under 42 U.S.C. § 1983 for injunctive or declaratory relief or for damages. *Id.*, at 489-90; *see Heck v. Humphrey*, 512 U.S. 477 (1994). Thus, to the extent that plaintiff's claim is that the defendants have denied him parole based on unconstitutional reasons, the complaint must be dismissed.

Even if plaintiff's complaint did state a cognizable constitutional claim, the claim would nevertheless be dismissed because officials of the Parole Board are entitled to absolute immunity from liability for damages for their decisions to grant, deny or revoke parole. *Montero v. Travis,* 171 F.3d 757, 760 (2d Cir. 1999).

In addition, in New York, a prison inmate has no protected liberty interest in parole. *Boothe v. Hammock,* 605 F.2d 661, 664 (2d Cir. 1979). The Parole Board has broad discretion to grant parole under the applicable statutory scheme and, under the statutory framework, prisoners in New York have no legitimate expectation of release prior to the conclusion of their sentences. *See, e.g., Barna v. Travis,* 239 F.3d 169 (2d Cir. 2001). Accordingly, the complaint is dismissed with prejudice.

## CONCLUSION

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to the filing fee. Accordingly, plaintiff's request to proceed *in forma pauperis* is granted and, for the reasons discussed above, the complaint is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A. Plaintiff is forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. *See* 28 U.S.C. § 1915(g).

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States,* 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

3

## ORDER

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, that the complaint is dismissed with prejudice; and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

DATED: October 3, 2005
Rochester, New York

4